U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE
APR 04 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Kinchen                              Civil Action No. 6:12-cv-00645

versus                             Judge Richard T. Haik, Sr.

La. Dept. Of Public Safety & Corrections, et al      Magistrate Judge C. Michael Hill

## ORDER

Before the Court is a Motion To Strike filed by plaintiff, Leon Kinchen [Rec. Doc. 34] and defendants, Department of Public Safety and Corrections, State of Louisiana, and Officer Becket Breaux, individually and in his official capacity as a State Trooper for the State of Louisiana's Opposition thereto [Rec. Doc. 37]. Plaintiff moves the Court to strike defendants' expert, George Armbruster, and his Expert Report, included as an exhibit in defendants' Motion for Summary Judgment. Alternatively, plaintiff requests that the Court allow him additional time to depose Armbruster and supplement his Opposition to the Motion For Summary Judgment.

Plaintiff filed this action on March 9, 2012, against the Department of Public Safety and Corrections, State of Louisiana, and Officer Becket Breaux under 42 U.S.C. §§ 1983 and 1988 and Louisiana state law, contending that Officer Breaux used excessive force during plaintiff's arrest in which he was charged with reckless operation of a vehicle under LSA R.S. 14:99. Defendants filed the Motion for Summary Judgment at issue on March 7, 2014.

In his Motion to Strike, plaintiff contends that plaintiff was not informed of defendants' expert nor provided an expert report until defendants notified plaintiff of the Motion for Summary Judgment on March 7, 2014. In particular, plaintiff represents that despite propounding discovery

interrogatories to defendants on April 2, 2013, multiple communications with defense counsel in August 2013, filing a motion to compel on September 3, 2013, the Court ordering sanctions and production of discovery responses on October 17, 2013 and defendants filing Court-ordered supplement discovery responses on November 4 and 14, 2013 and January 16 and 31, 2014, defendants never identified nor ever addressed the issue of an expert in these filings. *R. 34-2 - 34-7*.

In its Motion for Summary Judgment, defendants cite their "expert report timely sent to the plaintiff's attorneys,... which indicates that the policies and procedures of the Louisiana State Police, Department of Public Safety and Corrections are within acceptable and lawful practices, and that Lt. Breaux's actions in the arrest of Leon Kinchen were within training and procedure." *R. 32-1*. Defendants further state, "[t]he plaintiff failed to provide or file an expert witness report under the rule of court and the scheduling order. Nor has the plaintiff cited the name of any expert witness under the rules of this court or in response to discovery. Therefore, there is no countervailing testimony to demonstrate that the policies and training of the [sic] Lt. Breaux, either as written or applied, violated any laws or civil rights of the plaintiff." *Id.*

In the Motion for Summary Judgment, defendants cite their "expert report timely sent to the plaintiff's attorneys,... which indicates that the policies and procedures of the Louisiana State Police, Department of Public Safety and Corrections are within acceptable and lawful practices, and that Lt. Breaux's actions in the arrest of Leon Kinchen were within training and procedure." *R. 32-1*. Defendants further state, "[t]he plaintiff failed to provide or file an expert witness report under the rule of court and the scheduling order. Nor has the plaintiff cited the name of any expert witness under the rules of this court or in response to discovery. Therefore, there is no countervailing testimony to demonstrate that the policies

and training of the [sic] Lt. Breaux, either as written or applied, violated any laws or civil rights of the plaintiff." *Id.*

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In order to determine whether the violation was harmless, the Court must consider: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E & P, Inc.*, 609 F.3d 710, 729 (5th Cir.2010). Such a determination is within the Court's wide discretion. *Bennett v. GEO Grp., Inc.*, 2013 WL 5916765, at *4 (5th Cir. May 22, 2013) (per curiam) (citing *Rubinstein v. Administrators of Tulane Educ. Fund*, 218 F.3d 392, 397 (5th Cir.2000)).

Based on the record of this matter, the Court agrees that the sanctions imposed on the defendants by the Magistrate Judge were appropriate. Although the defendants unjustified withholding of required information as evidence in this case falls short of the standards expected of lawyers practicing before this Court, the Court is mindful that "[i]mposing sanctions less severe than the complete dismissal of a claim is normally the appropriate mechanism for courts to use in disciplining delinquent lawyers." *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 117 (5th Cir.1993). Accordingly,

**IT IS ORDERED** that the Motion To Strike [Rec. Doc. 34] is **GRANTED** as to

plaintiff's alternative request.

**IT IS FURTHER ORDERED** that the hearing on defendants' Motion For Summary Judgment [Rec. Doc. 32] is CONTINUED to the Court's May 15, 2014 Motion Day.

**IT IS FURTHER ORDERED** that defendants must produce Armbruster for a pretrial deposition at their expense, if the plaintiff so requests. In the event plaintiff requests the expert's deposition it must be taken by April 30, 2014 and plaintiff may supplement his Opposition Memorandum by May 9, 2014.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 3rd day of April, 2014.

_____
RICHARD T. HAIK, SR
UNITED STATES DISTRICT JUDGE